### WITHERBEE et ux. v. WITHERBEE et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. ACTION—PARTY—DOUBLE CAPACITY—APPEAL IN ONE CAPACITY.

Where the same person is interested in a double capacity in an action to wind up a partnership, namely, as receiver in the action, and as entitled to a share in the distribution, he cannot sustain an appeal, taken as receiver, from an order directing the receiver to turn over the assets in his hands, on the ground that the order does not properly protect his interests as distributee, when he did not appeal as distributee.

2. RECEIVERS—ORDER TO TURN OVER ASSETS—VOUCHERS.

The fact that an order directing a receiver to turn over the assets in his hands did not direct that vouchers should be given him therefor is not ground for reversal of the order, since the lower court can modify its order, should vouchers be necessary.

Appeal from special term, Essex county.

Action by Walter C. Witherbee and wife against Frank S. Witherbee and others to wind up the partnership affairs of Witherbee, Sherman & Co. From an order directing George T. Murdock, as receiver of said partnership, to deliver over the assets in his hands, the receiver, as such, appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Edgar T. Brackett, for appellant.

Rowe & Pyke (F. A. Rowe, of counsel), for respondents.

PARKER, P. J. George T. Murdock, the appellant, occupies two distinct positions in this action: First. He is a defendant therein, claiming certain interests in the assets of the firm as one of the trustees under the will of George R. Sherman, deceased. Second. He is a receiver of all the assets of such firm, appointed by order of court in this action, which was brought for a dissolution of the firm, and a distribution of its assets among those entitled thereto. As such receiver, he has possession of all such assets; the same having been

delivered over to him upon his appointment. There is a difference between Murdock and all other parties interested in the firm property as to just what interests he (Murdock) took under the trust created by said will, but there is no dispute but that the possession which he now has of the firm property is that of a receiver, merely. Upon issues raised by the service upon one another of the answers in this action, the trustees aforesaid and the beneficiaries named in the will of George R. Sherman, deceased, have litigated, and have obtained an interlocutory judgment in this action determining their respective rights therein; and all parties concur in that judgment, and in the shares and interests of each as alleged in the complaint, except Murdock, in his character as such trustee. He has appealed from such interlocutory judgment, and such appeal is still pending. All of the parties interested in the firm assets, except Murdock, have signed a stipulation consenting that a judgment be entered in this action decreeing that the firm debts are all paid; that the shares of the respective owners or co-partners are as alleged in such complaint, and as fixed by such interlocutory judgment; that the receiver be discharged; and that the property in his hands be by him delivered over to the corporation known as Witherbee, Sherman & Co., to whom it has been conveyed by the respective owners thereof. It seems to be assumed by the respondents in their points that judgment has been entered upon such stipulation, and that no appeal has been taken therefrom, but the record before us does not disclose whether it has or not. But Murdock, as receiver, upon being asked to deliver over such firm property to said corporation, refused to do so, and a motion was then made, upon notice to all parties, for an order of this court requiring him to do so. Upon the hearing of such motion, Murdock appeared in both characters. As a trustee, and defendant in the action, claiming an interest in the firm assets, he appeared by C. E. Patterson, as his attorney. As a receiver having possession of the firm assets under order of the court, he appeared by Hon. Edgar T. Brackett, as his attorney. An order was thereupon made discharging him from further duties as receiver, and also directing him to transfer and deliver over to such corporation all the other assets and property in his hands as such receiver. But he was allowed to retain in his custody $80,000 in cash, until his commissions, expenses, and disbursements could be ascertained, fixed, and paid. Such order further provided for a bond in the penalty of $150,000, as security to the trustees under said will for the return to them of two-ninths of such property in the event that such return is finally ordered and adjudged. From such order said Murdock, as such receiver, has brought this appeal. As executor and trustee, and as a defendant having a share in the firm assets, said Murdock has not appealed.

So far as his interests as a receiver are concerned, the order appealed from seems to fully protect him, and I discover no reason why he should complain of it. The court undoubtedly had the power, upon the termination of the action, to discharge the receiver, and direct him to pass over the firm assets to those entitled thereto; and, even if it must be held that the action is still pending as to the two-ninths interest claimed by Murdock as executor and trustee, yet the

court, in its discretion, might direct adequate security to be given to such trustees, and still discharge the receiver and confirm a sale of the property, rather than keep upwards of two millions of property unemployed in his hands, pending the determination of that single question. But, whether or not the order be deemed a proper one so far as the interests of such executors and trustees are concerned, it seems clear that the receiver cannot raise that question upon this appeal. George D. Sherman, one of such trustees, has signed the stipulation, and concurred in the sale of the property to the new corporation. Murdock, the other trustee, although he did not sign such stipulation, has never appealed from the order in question, and must therefore be deemed to acquiesce in it. On the record, we must conclude that he is content with the security which such order provides for him. It is the receiver, alone, who appeals. That is very clearly specified in the notice of appeal. Such notice is signed only by the attorney who represented him as receiver on the hearing, and is directed to his attorney, Patterson, who represented him on the hearing as executor and trustee. The appeal is deliberately and carefully taken as receiver only. It is as if Murdock, the appellant, was receiver only, and John Doe was the trustee. Viewing it in that light, can it be said that he may appeal, and reverse on the ground that it does not properly protect John Doe's interests,—an order with which John Doe himself is content? John Doe is himself before the court, with an attorney, is heard upon the motion, and rests content with the order made. How can it be said that Murdock, the receiver, is aggrieved by any of the provisions of such an order? Such an order would fully protect him for obeying it in every particular. And, surely, if John Doe declines to appeal, the duty does not rest with the receiver of appealing for him, even though he may be satisfied that the order falls far short of protecting Doe's interests. The cases cited by the appellant's counsel present very different situations and relations from those which the receiver bears to the executors and trustees in the case before us, and are therefore not authority in this case. As a general rule, a receiver may not appeal from an order which discharges him and settles the rights of the parties to the fund in his hands. 17 Enc. Pl. & Prac. 870; Beach, Rec. § 286.

It is complained by the receiver that the order should have provided that vouchers for the property, when delivered, be given to him by the new corporation. Such a provision would have been very proper in the order, but I do not consider it ground for reversing the same. Should necessary vouchers be required, doubtless the order would be modified upon proper application to the court.

I conclude that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.